

**Stephen L. Brischetto**, OSB # 78156
slb@brischettolaw.com
Attorney at Law
621 SW Morrison St, Suite 1025
Portland OR 97205
503-223-5814
Fax: 503-228-1317
Attorney for Plaintiff

FILED'10 SEP 03 11:26USDC-ORF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **JUDITH M. CASTRO,** | CV'10-1048  PK |
| Plaintiff, | |
| v. | COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES |
| **CLACKAMAS COUNTY** and **CRAIG ROBERTS, CLACKAMAS COUNTY SHERIFF,** | JURY TRIAL DEMAND |
| Defendants. | |

## I. JURISDICTION

1. This court has jurisdiction of plaintiff's claims for violation of Title VII of the Civil Rights Act (hereinafter "Title VII") under 42 USC § 2000e-5(f)(3).

2. This court has jurisdiction of plaintiff's federal civil rights claims under 28 USC§ 1343 (3) and (4) and over plaintiff's claims arising under federal law under 28 USC §1331.

3. This Court has supplemental jurisdiction over plaintiffs' state statutory claims pursuant to 28 USC § 1367.

## II. PARTIES

4. Plaintiff is female and is currently employed with defendants as a Deputy Sheriff.

PAGE 1 – COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

COMPLAINT.CASTRO.USDC.DOCX

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 S.W. Morrison St, Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
*www.employmentlaworegon.com*

5.      Defendant, Craig Roberts, is the Sheriff of Clackamas County.   Sheriff Roberts is sued in his individual and official capacities.   Defendant Clackamas County is an Oregon body politic under ORS 203.010.   Defendants are employers for purposes of Title VII and ORS 659A.001.

### III.   FACTUAL ALLEGATIONS

6.      Plaintiff lives with and has a relationship with a female.

7.      Plaintiff commenced employment with defendants as a Deputy Sheriff on or about June 21, 2005.   Plaintiff's performance review indicates that she exceeded expectations for his first year of employment.

8.      Beginning in or about November 2006, defendants began discriminating against plaintiff based upon her gender and her sexual orientation.

9.      On or about April 20, 2007 plaintiff filed a written complaint through defendants internal complaint process alleging discrimination based upon gender, sexual orientation and perceived sexual orientation.

10.     On or about November 1, 2007, plaintiff submitted a complaint to the Bureau of Labor and Industries and the Equal Employment Opportunity Commission alleging discrimination based upon gender.

11.     On or about October 2, 2007, defendants' managers proposed her performance evaluation for the prior year.   The performance evaluation gave plaintiff a negative rating.   The evaluation subjected plaintiff to different treatment than other employees and gave her negative ratings for opposing discrimination in the workplace based upon sex and based upon sexual orientation. Defendants continued to issue discriminatory performance evaluations subsequent to the October 2007 performance evaluation.

12.     Defendants imposed a work plan on plaintiff and issued a written warning to plaintiff as a result of the negative evaluation.

PAGE 2 – COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

COMPLAINT.CASTRO.USDC.DOCX

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 S.W. Morrison St, Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
*www.employmentlaworegon.com*

13. On May 16, 2008 plaintiff was involved in a use of force incident with an inmate confined in the Clackamas County jail.

14. At the Clackamas County Sheriff's Office, an Incident Panel Review reviews incidents of use of force with inmates. The Incident Review Panel, composed of male management level employees, included several individuals who were the subjects of plaintiff's discrimination complaints.

15. The Incident Review Panel declined to ratify plaintiff's use of force in the May 16, 2008 incident. Subsequently, the Sheriff's Office commenced an internal affairs investigation of plaintiff's use of force in two incidents.

16. On or about June 24, 2008, defendants relieved plaintiff of her duties and put her on paid administrative leave pending the investigation of the two use of force incidents.

17. On October 20, 2008, defendants formally approved the negative evaluation proposed on October 2, 2007.

18. On or about December 4, 2008, defendants informed plaintiff that defendants were sustaining allegations against plaintiff related to the May 16, 2008 incident.

19. On May 5, 2009, defendants suspended plaintiff without pay for 20 days, placed her on a training plan and required her to reenter FTEP. The suspension, the training plan and the required reentry into FTEP were imposed based upon alleged policy violations relating to use of force, truthfulness and failing to perform duties in a competent manner in the May 16, 2008 incident.

20. Defendants subjected plaintiff to a continuous course of discriminatory and retaliatory conduct including negative evaluations and disciplinary actions because of her gender, because of the sex of the person plaintiff associates with, because of her perceived sexual orientation and because plaintiff made complaints of, and otherwise opposed, unlawful employment practices in the workplace.

PAGE 3 – COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

COMPLAINT.CASTRO.USDC.DOCX

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 S.W. Morrison St, Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
*www.employmentlaworegon.com*

21. Plaintiff filed a complaint of sex discrimination, sexual orientation discrimination and retaliation with the Bureau of Labor and Industries and the Equal Employment Opportunity Commission. Plaintiff's claims are filed in this court within 90 days of her receipt of a Notice of Right to Sue on her claims.

22. Plaintiff gave timely notice to defendants of her intent to pursue tort claims against defendants.

23. As a result of defendants' unlawful conduct, plaintiff has suffered lost wages, lost merit increases and lost fringe benefits, and prejudgment interest on lost wages and benefits in an amount to be determined at trial. Plaintiff is entitled to equitable relief rescinding defendants' discriminatory evaluations, rescinding discriminatory disciplinary actions, restoring lost seniority and other equitable relief.

24. As a result of defendants' unlawful conduct, plaintiff has suffered mental and emotional distress, damage to reputation and other compensatory damages in an amount to be determined at trial.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

25. Defendants discriminated against plaintiff because of her gender in violation of 42 USC § 2000e-2(a).

### SECOND CLAIM FOR RELIEF

26. Defendants retaliated against plaintiff for opposing unlawful employment practices in violation of 42 USC § 2000e-3(a).

PAGE 4 – COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

COMPLAINT.CASTRO.USDC.DOCX

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 S.W. Morrison St, Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
*www.employmentlaworegon.com*

### THIRD CLAIM FOR RELIEF

27.     Defendants discriminated against plaintiff because of her gender and/or her sexual orientation or her perceived sexual orientation in violation of ORS 659A.030(1)(b).

### FOURTH CLAIM FOR RELIEF

28.     Defendants retaliated against plaintiff for opposing unlawful employment practices in violation of ORS 659A.030(1)(f).

### FIFTH CLAIM FOR RELIEF

29.     Defendants deprived plaintiff of her right to Equal Protection of the law under the Fourteenth Amendment to the U.S. Constitution in violation of 42 USC §1983.

30.     Defendants' deprivation of plaintiff's Equal Protection rights was pursuant to the custom, policy and practice of the Clackamas County Sheriff, the Clackamas County Sheriff's Office and Clackamas County.

### V.  RELIEF

**WHEREFORE**, plaintiff demands trial by jury and requests this court grant the following relief:

1.     An award of lost wages, fringe benefits and prejudgment interest in an amount to be determined at trial; equitable relief rescinding defendant's discriminatory evaluations, rescinding defendants' discriminatory discipline, restoring lost seniority and other equitable relief.

2.     An award for emotional distress, damage to reputation and other compensatory damages in an amount to be determined at trial.

PAGE 5 – COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

COMPLAINT.CASTRO.USDC.DOCX

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 S.W. Morrison St, Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
*www.employmentlaworegon.com*

3. An award of costs and reasonable attorney fees and all other fit and proper relief.

DATED this _____ day of September, 2010.

_____
STEPHEN L. BRISCHETTO
OSB # 78156
(503) 223-5814
Attorney for Plaintiff

Plaintiff herein demands trial by jury.

_____
STEPHEN L. BRISCHETTO
OSB # 78156
(503) 223-5814
Attorney for Plaintiff

PAGE 6 – COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

COMPLAINT.CASTRO.USDC.DOCX

**STEPHEN L. BRISCHETTO**
**ATTORNEY AT LAW**
**621 S.W. Morrison St, Suite 1025**
**Portland, Oregon 97205**
**Telephone: (503) 223-5814**
**www.employmentlaworegon.com**